[No. 9489. Department One. June 27, 1911.]

F. D. NOWELL et al., Respondents, v. SEATTLE TRANSFER COMPANY, Appellant.[1]

WAREHOUSEMEN—RECEIPTS. An instrument in writing signed by the agent of a warehouseman, describing freight so as to identify it, stating the names of the owners, terms of storage, and promising a delivery upon surrender of the writing, is a warehouse receipt, within Rem. & Bal. Code, § 3369.

WAREHOUSEMEN—RECEIPTS—LOSS OF GOODS — DEFENSES — ESTOPPEL. A warehouseman who issued a warehouse receipt in exchange

[1]Reported in 116 Pac. 287.

for a railroad delivery order without obtaining possession of the goods, as required by Rem. & Bal. Code, § 3369, cannot evade liability for the loss of the goods, where it retained storage charges for two years, knowing that the goods were lost and never in possession, and not notifying the owners of the loss.

BAILMENT—PLEADINGS—AMENDMENTS.  In an action by bailors to recover the value of goods lost by a bailee, it is not error to allow the complaint to be amended to allege that the plaintiffs were the owners of the goods.

APPEAL—REVIEW—HARMLESS ERROR.  In an action by bailors for the value of goods lost, it is harmless error that judgment was rendered in favor of both plaintiffs when the evidence showed that only one of them was interested in the goods.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 30, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*James B. Metcalfe*, for appellant.

*F. C. Kapp*, for respondents.

GOSE, J.—Early in April, 1907, the respondent F. D. Nowell shipped from Alaska two crates containing copper plates, to F. H. Nowell at Seattle.  The freight was carried by the Alaska Steamship Company, and delivered to the Northern Pacific Railway Company at Seattle.  On April 9, the railway company received the goods and paid the freight. On the same day, the respondent F. H. Nowell paid to the railway company the freight, together with the wharfage charges, and received a receipt or delivery order which entitled the holder to the goods upon its presentation.  The appellant, a warehouseman, in exchange for the receipt or delivery order, issued to the respondent its receipt, bearing date April 10, 1907, as follows:

| Order on Warehouse. | Number |
|---|---|
| Warehouseman: | Date 4-10-1907 |
| Please { ship / deliver } to F. D. & F. H. Nowell | Notice Warehouseman will comply with special instructions as checked |
| Marked    (N) | (X) below and return to office. |

| Articles | Take up Shipper's Bill of Lading and turn in office. |
|---|---|
|  | Attach Shipping Receipt to papers and return. |
| 2 Crt. Co. Plates | Collect upon delivery    $——— |
|  | Weigh Goods and advise |
|  | Ship today |

This receipt must be surrendered to obtain goods
storage @ 25c Pr. Mo.

Account Storage

Received the above goods in good order

The Seattle Transfer Co.
By Moore.

On March 18, 1909, the respondent F. D. Nowell paid the appellant two years' storage charges on the goods. It held this sum until the close of the trial, when it tendered it to the respondents in open court. The respondents, some time after paying the storage charges, made repeated demands upon the appellant for a delivery of the goods. These demands proving unavailing, this suit was commenced for the recovery of the goods or, in case a delivery could not be had, for their value. There was a judgment against the appellant for $500, which it seeks to set aside by this appeal.

The writing which we have set forth, which is the basis of the action, is a warehouse receipt as defined by the provisions of Rem. & Bal. Code, § 3369. It is an instrument in writing, signed by the agent of the warehouseman, describes the freight so as to identify it, states the names of the owners, the terms of storage, and promises a delivery upon the surrender of the receipt. The appellant insists that it cannot be treated as a warehouse receipt, because the goods were not "actually in store" when it was given, as required by Rem. &

Bal. Code, § 3372.    As we shall see later, that question is not
open to the appellant.

It is next urged that there can be no recovery because the
appellant never obtained possession of the goods.    The sur-
render of the expense bill or delivery order was a constructive
delivery.    5 Cyc. 165.    The appellant cannot escape liability
on the ground that it made repeated efforts to get possession
of the goods and failed to do so.    It not only gave the re-
spondents its warehouse receipt, but lost the delivery order,
and failed to notify the respondents for two years succeeding
the issuance of its receipt.    The appellant, as the learned
trial court stated, assumed the responsibility of finding,
storing, and re-delivering the goods.    Moreover, it admits
that it learned, a few days after it gave the receipt, that the
goods were not on the dock, and that it permitted the re-
spondents for two years to rest content in the belief that it
had the goods in store.    Whether it could have called in the
receipt after it learned that the goods could not be found,
and avoided liability, we need not inquire.    It cannot issue
its warehouse receipt, lose the written evidence of the right to
possession of the goods, remain silent for two years, and then
assert that it is not liable because it never had the goods in
store.

During the progress of the trial, the court permitted the
respondents to amend the complaint by interlineation, alleg-
ing that they were the owners of the copper plates.    This is
assigned as error.    The assignment is without merit.    It is
doubtful whether the amendment added anything to the force
of the complaint.    As bailors, the respondents could prose-
cute the suit.    However, there was no error in permitting the
amendment.

It is also said that the evidence shows that the respondent
F. H. Nowell has no interest in the goods, and that as to him
the suit should have been dismissed.    He was one of the
bailors named in the receipt, and the consignee of the goods.
If we should, however, assume that error was committed, it

was harmless.   It is not important to the appellant whether the judgment was entered in favor of one or both the respondents.

The assignments that the court erred in denying the motion for a nonsuit and for a new trial are also without merit. The value of the goods found by the court is supported by the evidence.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.